**Jin Long LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–1675–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 28, 2005.

G. Victoria Calle, New York, New York, for Petitioner.

Thomas B. Heffelfinger, United States Attorney for the District of Minnesota; Perry F. Sekus, Assistant United States Attorney, Minneapolis, MN, for Respondent.

Present: Hon. Jon O. NEWMAN, Hon. Richard C. WESLEY, and Hon. Peter W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Jin Long Lin, through counsel, petitions for review of the March 2004 BIA order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ In this matter the IJ's decision to deny Lin's application for asylum was based in large part on adverse credibility determinations. These adverse determinations, given the explanations provided by the IJ, were seriously flawed in that they were based on rank speculation. Although this court must refrain from substituting its view of the evidence for that of the hearing officer who actually considered it, *see Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir.2003) (Factual findings supporting a denial cannot be assumed on the basis of record evidence not relied on by the BIA), we do note that had the IJ been more thoughtful in crafting her decision, there would be ample support in the record on which to base an adverse credibility determination and to deny the asylum application.

Although the IJ's opinion falls short in its rationales for finding that the petitioner is not credible, there is "no realistic possibility of a different result on remand." *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391 (2d Cir.2005). For that reason

we will not reject outright the IJ's conclusion where the futility of a remand would support affirming the result despite legal error. *Id.* at 401–02.

Lin's application for asylum must fail because he did not establish a nexus between the alleged persecution and his political opinion. While Lin could have argued that the Chinese government had imputed the same political opinion as practitioners of Falun Gong because Lin sold Falun Gong books, Lin failed to do so. In his appeal to the BIA, Lin mentioned in only one sentence that he had established "a well-founded fear of persecution based on political opinion, namely, the right to sale [sic] Falun Gong books." Likewise, his brief before this Court states only that he testified "he suffered wrongful punishment and threats of detention for being associated with Falun Gong." Moreover, Lin stated in his asylum application that the officials tried to arrest him because he "insulted" them and "acted against the Communist Party." It is clear that, according to Lin's claim, the officials knew Lin and his father had illegally sold Falun Gong books; however, the single statements in Lin's briefs do not adequately develop an argument that the officials targeted Lin because of imputed political opinion. Because Lin failed to establish this nexus, he cannot meet his burden that he was persecuted or has a well-founded fear of persecution on account of his political opinion.

■ To the extent that Lin has failed to meet his burden of proof to establish eligibility for asylum, he accordingly fails to satisfy the more stringent standards of his withholding claim.

■ Because Lin failed to raise the issue of CAT relief in his appeal to the BIA, this Court does not have jurisdiction to review this claim. *See* 8 U.S.C. § 1252(d);

*Theodoropoulos v. INS,* 358 F.3d 162 (2d Cir.2004) (finding that where exhaustion is required, a court must dismiss any unexhausted claim for lack of jurisdiction).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).